IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 23-926 T
(Judge Molly R. Silfen)

SELWYN KARP and BARBARA ADAMS-KARP,

Plaintiffs,

v.

UNITED STATES,

Defendant.

**ANSWER**

The United States, defendant, answers the Complaint in the above-captioned case. Defendant denies every allegation that is not specifically admitted below. Further, the defendant:

1. States that the allegation contained in the first sentence of paragraph 1 is plaintiffs' characterization of their case, which requires no response. Denies that the tax and interest were erroneously or illegally assessed and collected. Avers that jurisdiction, to the extent it exists, is predicated on 28 U.S.C. § 1491(a) and not § 1346(a)(1).

2. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 2. Admits the remaining allegations in paragraph 2.

3. Admits.

4. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.      States that the allegation contained in the first sentence of paragraph 5 is plaintiffs' characterization of their case, which requires no response. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence but admits that the IRS received plaintiffs' 2016 federal income tax return in Kansas City on October 26, 2020. Admits that line 65 of plaintiffs' 2016 return lists $467,742 as "2016 estimated tax payments and amount applied from 2015 return," but lacks knowledge or information sufficient to form a belief as to the accuracy of the amount or its characterization.

6.      Admits that Exhibit A (Doc. 1-2, pages 1–33) purports to be a copy of plaintiffs' 2016 federal income tax return. Admits that line 75 on page 2 of Exhibit A lists $336,558 as the amount of the claimed overpayment and line 77 requests that that amount be applied to 2017 taxes. Lacks knowledge or information sufficient to form a belief as to the accuracy of the amount, its characterization, and any "determination of Plaintiffs' accountant." States that whether plaintiffs were "entitled to an overpayment refund" is a legal conclusion or argument to which no response is required.

7.      Admits that Exhibit B (Doc. 1-2, page 34) purports to be a copy of an IRS Notice CP45 informing plaintiffs of changes to their 2016 return. Admits that the remaining allegations in paragraph 7 accurately characterize the document attached as Exhibit B. Lacks knowledge or information sufficient to form a belief as to when plaintiffs received the notice.

8.      Admits that Exhibit C (Doc. 1-2, pages 35–29) purports to be a copy of an IRS Notice of Disallowance for plaintiffs' claim for tax year 2016. Admits that the remaining allegations in paragraph 8 accurately characterize the document attached as Exhibit C. Lacks knowledge or information sufficient to form a belief as to when plaintiffs received the Notice of Disallowance.

9. Admits that Exhibit D (Doc. 1-2, pages 40–42) purports to be a copy of a letter dated May 10, 2022, plus enclosures. Admits that the remaining allegations in paragraph 8 accurately characterize the documents attached as Exhibit D. Lacks knowledge or information sufficient to form a belief as to the letter's authenticity, whether it was sent, whether the enclosures were included, and whether it was received by the IRS.

10. Admits that the allegations in paragraph 10 accurately reflect portions of the document attached as Exhibit C. Admits that the June 20, 2023, filing date of plaintiffs' complaint is within two years of July 23, 2021, but states that timeliness is a legal conclusion that requires no response.

11. Admits that Exhibit C contains the quoted sentence, but states that the sentence is a legal conclusion, which requires no response. Lacks knowledge or information sufficient to form a belief as to the accuracy of the second sentence of paragraph 11. States that allegations of timeliness are legal conclusions, which require no response.

12. Admits that Exhibit E (Doc. 1-2, pages 43–44) purports to be a copy of plaintiffs' income tax account transcript for 2016 and admits that Exhibit E references an extension of time to file a tax return. States that allegations of timeliness are legal conclusions, which require no response. Denies any purported "acknowledgement" by the IRS. Lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 12.

13. States that the allegations in the first sentence of paragraph 13, as well as allegations of validity and timeliness, are legal conclusions, which require no response. Lacks knowledge and information sufficient to form a belief as to the remainder of the allegations in paragraph 13.

14. States that paragraph 14 is a legal conclusion, which requires no response.

15. States that paragraph 15 constitutes legal conclusions, which require no response.

16. Lacks knowledge and information sufficient to form a belief as to the allegations in the first sentence of paragraph 16. States that the second and third sentences of paragraph 16 are legal conclusions that do not require a response. Denies plaintiffs' characterization of any purported IRS position.

17. States that paragraph 17 is a legal conclusion, which requires no response. States that, to the extent the allegations in paragraph 17 constitute factual assertions, denies the allegations.

18. Denies that plaintiffs are entitled to the requested relief.

WHEREFORE, Defendant denies that plaintiffs are entitled to the relief requested and prays that this Court dismiss the complaint with prejudice, with costs assessed against the plaintiffs.

                                                      Respectfully submitted,

October 19, 2023                          */s/ Richard J. Markel*
                                                      RICHARD J. MARKEL
                                                      Attorney of Record
                                                      U.S. Department of Justice, Tax Division
                                                      Court of Federal Claims Section
                                                      Post Office Box 26
                                                      Washington, D.C. 20044
                                                      202-353-9175 (v)
                                                      202-514-9440 (f)
                                                      Richard.J.Markel@usdoj.gov

                                                      DAVID A. HUBBERT
                                                      Deputy Assistant Attorney General
                                                      DAVID I. PINCUS
                                                      Chief, Court of Federal Claims Section
                                                      MARY M. ABATE
                                                      Assistant Chief, Court of Federal Claims Section

                                                      */s/ Mary M. Abate*
                                                      Of Counsel

                                                      Attorneys for Defendant